UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. CLEMONS,<br><br>Plaintiff,<br><br>v.<br><br>MATHEW C. MCGLYNN, et al.<br><br>Defendants. | No. 2:18-cv-2463-TLN-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for lack of jurisdiction.[2]

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] Plaintiff has also filed two requests for extensions of time to serve the defendants with a copy of the summons and complaint. ECF No. 3 & 4. Because plaintiff is proceeding *in forma pauperis*, he is not required to personally complete service. *See* 28 U.S.C. § 1915(d). More

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

This action arises out of a 2006 child custody dispute between plaintiff and the mother of his two children. ECF No. 1 at 7. Liberally construed, the complaint alleges that plaintiff was initially ordered to make child support payments. *Id*. At the mother's request, the child support case was ordered closed. *Id*. Plaintiff claims, however, that "to this date this case remains open against" his and the mother's request. *Id*.

Plaintiff also alleges that in May 2014, defendant Judge Mathew McGlynn awarded guardianship of plaintiff's two minor children to their maternal grandmother. *Id*. at 7. He claims

---

significantly, because the action must be dismissed without leave to amend for lack of subject matter jurisdiction, the requests are moot.

2

that the grandmother was able to obtain the guardianship by using a fictitious name and changing the spelling of his name. *Id*. Plaintiff further alleges that Judge McGlynn refused to hear his case because it was not properly served on the maternal grandmother. *Id*. at 8. Plaintiff also alleges that in subsequent state court proceedings, defendant Kristina Crisosto—a social worker for the County of Tehama and the material aunt of plaintiff's children—falsely accused plaintiff of "felony child abduction." *Id*. at 7-8. Plaintiff attempted to introduce evidence that Crisosto was lying, but Judge McGlynn allegedly refused to allow plaintiff's evidence. *Id*. at 8. Thereafter, defendant Judge Laura Woods appointed Crisosto as the children's prospective successor guardian. *Id*. Judge Woods allegedly conceded that the decision to make that appointment was based on her working relationship with Crisosto. *Id*.

Plaintiff subsequently received a notice of hearing in relation to a child support case, but he declined to attend the hearing because his name was spelled incorrectly on the notice.[3] *Id*. Two months later, plaintiff received notice that he was behind on child support payments owed to his children's mother. *Id*. Then in May 2016, plaintiff was arrested after defendant Jeri Hamlin, a Child Support Commissioner, issued a warrant for his arrest due to failure to pay child support. *Id*. The Tehama County District Attorney, defendant Greg Cohen, subsequently filed charges against plaintiff, which were eventually dismissed. *Id*. Plaintiff claims that defendants violated 18 U.S.C. § 242 and plaintiff's rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. *Id*. at 5.

It is clear from plaintiff's allegations that he seeks relief from child custody rulings issued by state courts. Indeed, plaintiff specifically requests "injunctive relief vacating defendants [sic] orders." *Id*. at 6. This court is not the proper court for plaintiff to appeal from state court orders. Indeed, this court lacks jurisdiction to review errors in state court decisions. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *see also Samuel v. Michaud*, 980 F. Supp. 1381, 1411 (D. Idaho 1996) ("The district court lacks subject matter jurisdiction either to conduct a direct review of a state court

---

[3] Plaintiff's name is Michael A. Clemons, but the notice was allegedly directed at Michael I. Clemons. ECF No. 1 at 1, 8.

3

judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case."). The court is also without jurisdiction pursuant to the domestic relations exception to federal jurisdiction, which "divests the federal courts of power to issue divorce, alimony and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) (courts "traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child or husband and wife."). Because the core issue in this action concerns matters relating to child custody, this court lacks subject matter jurisdiction.

Furthermore, plaintiff's claims against Judge McGlynn, Judge Woods, and Commissioner Hamlin are barred by judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 360-61 (1978) ("Because the court over which Judge Stump presides is one of general jurisdiction, neither the procedural errors he may have committed nor the lack of a specific statute authorizing his approval of the petition in question rendered him liable in damages for the consequences of his actions."); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature."); *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995) (judicial immunity extends to municipal court commissioners performing judicial functions, which includes issuing warrants). Likewise, District Attorney Greg Cohen is also entitled to absolute immunity for acts taken in his official capacity. *See Kalina v. Fletcher*, 522 U.S. 118, 123-24 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430–31 (1976) (holding that prosecutors are immune from civil suits for damages under § 1983 for initiating prosecutions and presenting cases).

For the reasons stated above, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction. Further, plaintiff's allegations clearly demonstrate the absence of jurisdiction, which he could not possibly cure with amendment. *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is

4

absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted).

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted; and

2. Plaintiff's motions for extension of time to serve defendants (ECF Nos. 3 & 4) are denied.

Further, it is RECOMMENDED that:

1. Plaintiff's complaint be dismissed without leave to amend for lack of subject matter jurisdiction; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 30, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE